UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAREE LEWIS : | |
| 16873 Roosevelt Lane : | |
| Shrewsbury, PA 17361 : | |
| : | |
| Plaintiff, : | JURY DEMANDED |
| : | |
| v. : | |
| : | |
| DALLASTOWN OPERATING INC., : | |
| d/b/a DALLASTOWN NURSING CENTER : | No.: |
| 623 East Main St. : | |
| Dallastown, PA 17313 : | |
| : | |
| Defendant. : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, Daree Lewis, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act of 1990 have been violated and avers as follows:

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Daree Lewis (hereinafter "Lewis"), is an adult individual residing at the above address.

2. Defendant, Dallastown Operating Inc., d/b/a Dallastown Nursing Center (hereinafter "Defendant") is a corporation organized and existing under the laws of the Pennsylvania and with a principle place of business at the above address.

3. At all times material hereto, Defendant employed Ms. Lewis in Pennsylvania and qualified as Ms. Lewis' employer under the Americans with Disabilities Act.

4. At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

5. Ms. Lewis exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act, and applicable federal law and state law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claim is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Lewis was working for Defendant in the Middle District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

10. Ms. Lewis was hired by Defendant on or about November 1, 2019 as a Certified Nursing Assistant.

11. Throughout her time working for Defendant, Ms. Lewis was qualified in the role of a Certified Nursing Assistant and completed her duties without any complaint or issue.

12. On or about March 21, 2020, Ms. Lewis sustained a back injury in the course of her employment with Defendant while assisting a combative patient out of bed.

13. Per Defendant's policies and procedures, Ms. Lewis immediately notified her supervisor and filed an incident report.

14. Ms. Lewis also filed a Worker's Compensation Claim.

15. As a result of her work injury, Ms. Lewis was required to undergo surgery.

16. While awaiting her surgery, Ms. Lewis requested light duty and was granted that accommodation.

17. However, Ms. Lewis' work injury was so serious and severe, sometimes she was unable to get out of bed.

18. These incidents where Ms. Lewis, due to the injury that she sustained at work, was unable to get out of bed occurred on May 14, 2020, May 20, 2020, and May 28, 2020.

19. Each time Ms. Lewis was unable to get out of bed due to her injury, Ms. Lewis would contact Defendant and let them know why she was unable to come to work.

20. On or about May 30, 2020, Ms. Lewis contacted Defendant and informed Defendant that due to the serious and severe injury she sustained at work and the impending surgery that she needed, she would not be able to work on June 3, 2020 because she had a pre-op appointment that day.

20. Defendant told Ms. Lewis that it would be considered a call off, even though she needed surgery in order to not be limited in her life activities by this impairment.

21. Choosing her health and wellbeing, Ms. Lewis attended her doctor's appointment.

22. On June 4, 2020, Ms. Lewis received a voicemail from Susan, Director of Nursing and a fellow co-worker, Stephanie, informing her that she was being terminated as a

result of absenteeism which was due to her disability and the accommodations she needed as a result of her disability.

23.     As a direct and proximate result of Defendant's conduct in terminating Ms. Lewis' employment, Ms. Lewis has sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATION**
**(42 U.S.C.A. § 12101 et seq.)**

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

25.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*, an employer may not discriminate against an employee based on a disability.

26.     Ms. Lewis is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

28.     At all times material hereto, Ms. Lewis has a qualified disability, as described above.

29.     Defendant's conduct in terminating Ms. Lewis is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30. As a proximate result of Defendant's conduct, Ms. Lewis sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Lewis has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

31. As a result of the conduct of Defendant's owners/management, Ms. Lewis hereby demands punitive damages.

32. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Ms. Lewis demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE
## (42 U.S.C.A. § 12101 et seq.)

33. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

34. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, an employer may not discriminate against an employee based on a disability.

35. Ms. Lewis is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

36. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

37. At all times material hereto, Ms. Lewis has a qualified disability, as described above.

38. Defendant's conduct in refusing to provide Ms. Lewis with reasonable accommodations for her disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

39. Defendant failed to engage in a meaningful back and forth discussion after Ms. Lewis requested accommodations for his disability.

40. Defendant failed to reasonably accommodate Ms. Lewis' disability.

41. As a proximate result of Defendant's conduct, Ms. Lewis has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

42. As a result of the conduct of Defendant's owners/management, Ms. Lewis hereby demands punitive damages.

43. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.,* Ms. Lewis demands attorneys' fees and court costs.

## COUNT III
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## RETALIATION
## (42 U.S.C.A. § 12101 et seq.)

44. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

45. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*., an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

46. Ms. Lewis is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

47. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

48. As set forth above, Ms. Lewis engaged in protected activity when she requested an accommodation for her qualified disability.

49. As set forth above, Defendant's conduct in terminating Ms. Lewis is an adverse employment action, was taken as a result of Ms. Lewis engaging in protected activity by requesting an accommodation and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

50. As a proximate result of Defendant's conduct, Ms. Lewis sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Lewis has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

51. As a result of the conduct of Defendants' owners/management, Ms. Lewis hereby demands punitive damages.

52. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Ms. Lewis demands attorneys' fees and court costs.

## COUNT IV
## Wrongful Termination in Violation of Public Policy

53.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

54.     Defendant was Ms. Lewis' employer.

55.     Ms. Lewis' termination was in violation of the fundamental public policy of the Commonwealth of Pennsylvania as stated by the Pennsylvania Supreme Court in *Shick v. Shirey*, 716, A.2d 1231 (Pa. 1998), where an employee has a common law cause of action for which relief may be grated for discharge in retaliation for filing a workers' compensation claim.

56.     Defendant terminated Ms. Lewis on account of her reported workers compensation injury as a result of the injury she received while she was at work.

57.     Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Ms. Lewis and in conscious disregard of Ms. Lewis' rights.

58.     As a proximate result of Defendant's conduct, Ms. Lewis sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

**WHEREFORE,** Plaintiff, Daree Lewis, demands judgment in her favor and against Defendant, Dallastown Operating Inc., d/b/a Dallastown Nursing Center, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

                                **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____
    **ROBERT H. GRAFF, ESQUIRE** (PA I.D. 206233)
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102
    Ph: 267-546-0138
    Fx: 215-944-6124
    *Attorney for Plaintiff, Daree Lewis*

Date: 10/13/2020

# EXHIBIT "A"

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Daree L. Lewis<br>16873 Roosevelt Lane<br>Shrewsbury, PA 17361 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04092 | Legal Unit,<br>Legal Technician | (267) 589-9700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

09/12/20

Enclosures(s)         *(signature)*        **Jamie R. Williamson,**<br>**District Director**        *(Date Mailed)*